[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO OPEN AND MODIFY JUDGMENT DATED JUNE 7, 2000 AND MOTION FOR SANCTIONS FILED BY THE PLAINTIFF ON AUGUST 1, 2000
CT Page 12513
The above-captioned motions were made subsequent to a trial between the parties which resulted in a Memorandum of Decision being issued by the Court, Vasington, J., on October 6, 1998. The Memorandum of Decision on that date of course speaks for itself.
The judgment was detailed and contained certain orders to the following effect; that the defendant Joseph Burdick should pay $100.00 a week as periodic alimony for a period of eight years modifiable as to amount but not as to term; a provision requiring the defendant to pay the plaintiff $30,000.00 with regard to a certain real estate transfer; the delivery over of certain civil war memorabilia and antiques; a provision with regard to furnishings; certain treatment as concerns motor vehicles and the provision that the defendant pay to the plaintiff the sum of $9,000.00; a directive that the defendant transfer to the plaintiff from his pension $32,000.00; a proviso that the plaintiff should keep the balance of any recovery from a settlement, that the defendant further pay to the plaintiff the sum of $3,966.00 as concerns cash value insurance; the defendant pay the further sum to the plaintiff of one-half of the defendant's comp time valued at $14,766.15; the parties to each be responsible for the debts reflected on their financial affidavits and further that the defendant should pay the plaintiff $4,079.00, the same representing one-half of his 401K plan.
The testimony on the hearing conducted on October 3, 2000 would indicate and affirm that all of the financial provisions contained in the Vasington judgment have been complied with and within the time frames set forth therein.
The defendant on June 7, 2000 filed a Motion to Open and Modify Judgment referring to the dissolution decree, making reference to the alimony payment and its term and setting forth the following statement, "Due to a substantial change in circumstances in that the plaintiff has received a substantial inheritance, a modification of the above order is warranted."
On October 3, 2000 the plaintiff and the defendant with Their respective attorneys appeared before the court.
The terms and conditions of the earlier noted judgment were averted to as well as three subsequent motions for clarification dated October 22, 1998, November 20, 1998 and December 4, 1998.
On the October 3, 2000 hearing the defendant Joseph Burdick testified that he had complied with all of the terms and conditions set forth in the earlier noted judgment. The defendant indicated that incident to complying with those terms and conditions he had refinanced his home. He CT Page 12514 noted what his current mortgage payment was; to wit, $911.00.
The defendant continues as a member of the Ledyard, Connecticut Department of Police and his current income was reflected on the financial affidavit, which he filed, which will be averted to in due course. He is working 40 hours a seek. On some occasions he works overtime but this apparently has not been a regular pattern.
The defendant testified that he has high blood pressure, that he easily tires and sometimes, in his words, "can't function". The defendant indicated that at the time of the dissolution that certain credit card debt had been incurred and that his debt now amounts to more than what it was at the time of the dissolution including an obligation of $4,000.00 to his parent mother who is age 90.
In order to comply with the earlier terms and conditions of the judgment, the defendant sold off his heavy equipment to provide cash to accomplish that purpose. Prior to the time of the dissolution the defendant had engaged in part time work in excavation.
Subsequent to the dissolution, the defendant apparently was the subject of certain proceedings in the magistrate's court with regard to claims as to his being the parent of a young man who is now a teenager and a support order was entered in the amount of $135.00 a week, which is the subject apparently of a wage execution.
There was no such order at the time that the divorce was heard by Vasington, J.
Due to his present financial situation and the support order now in place against him, the defendant requests that the court substantially reduce the amount of the alimony payment.
The defendant testified that in 1999 he received in addition to his regular compensation overtime in the amount of $800.00. In the year 2000 so far, he testified he has only received $22.00. His hourly rate with the Ledyard Police Department is $20.00 an hour.
The defendant for reasons presumably good and sufficient to himself has refused medication for his high blood pressure condition.
Contract negotiations are presently in place between the Town of Ledyard and its employees, which may result in a modest retroactive increase in his compensation.
The defendant represented that he has complied with the orders of the CT Page 12515 court and that there is no arrearage outstanding at this time. He has remained single.
At the time that the defendant disposed of his heavy equipment, he received approximately $15,000.00, which was used in the main to comply with the orders of the court earlier averted to.
The defendant indicated that he still has an International truck valued at $500.00, which he says is to be treated as junk, and a 1960 backhoe with its transmission inoperable.
A son by a prior marriage resides with the defendant. This young man is age 24 and apparently only marginally contributes to the welfare of the residence of the defendant.
An issue as to an arrearage for support is apparently pending before the magistrate's court as concerns the proceedings that occurred after the dissolution.
The defendant indicated that he had in fact recently visited St. Petersburg, Florida on a vacation but represented that this was paid for by a friend, and that he has $3,000.00 in an IRA.
The defendant represented that he has paid his counsel fees in full and that the amount shown as a deduction on his financial affidavit from his gross earnings was at the suggestion of his accountant.
The plaintiff testified she is a secretary to the Town of Ledyard and she recently received a 3% increase in her pay.
The plaintiff's net is substantially the same as at the time of the dissolution.
The plaintiff has acquired additional debt as set forth on her financial affidavit, which will be averted to shortly.
The plaintiff testified that she had paid a substantial counsel fee and that from after the time of the dissolution she has spent over $41,000.00.
The plaintiff is undergoing medical tests, works 35 hours a week, verified a recently executed promissory note to an uncle.
The plaintiff is being treated periodically by a neurosurgeon and has been for the last 18 months. In December of 1998 the plaintiff testified that she fell and injured her back. The plaintiff testified she uses a CT Page 12516 cane, she has a nerve block and receives injections.
The witness Paul J. Miller of Woodstock testified he is a second cousin to the plaintiff and a relative of the Gunuski family. He verified the execution of a note from the plaintiff to Roy Gunuski in the amount of $24,891.71.
Anna M. Johnson of Oakdale, Director of Finance for the Town of Ledyard, testified as to 3% wage increases contemplated over the next three years as to both the plaintiff and the defendant incident to their situations with the Town of Ledyard pertaining to contract negotiations that are presently underway.
This witness indicated that as concerns the amount shown on the defendant's financial affidavit as federal income tax withholding that $75.00 thereof is of a voluntary nature and not mandated under the schedule.
From the exhibits the court notes Defendant's Exhibit A, the retained portion of a check and payment of services with regard to the plaintiff, who is now known as Linda M. Shahan, indicating that her weekly gross is to the amount of $456.05.
The court was provided with a copy of an employer's tax guide, Plaintiff's Exhibit 1.
Plaintiff's Exhibit 2 is a letter from Eastern Connecticut Neurosurgery, P.C. addressed to counsel with regard to the plaintiff. This is a statement from Dr. Gregory R. Criscuolo indicating that the plaintiff has progressive back pain associated with pain, numbness and a tingling condition. Conservative measures have failed and the possibility for future corrective surgery is substantial.
Returning now to the Motion to Open and Modify of June 7, 2000, manifestly the plaintiff has not in fact received "a substantial inheritance". Perhaps the words chosen by counsel were inappropriate. It may be that the substantial inheritance had reference to the loan from Gunuski of approximately $25,000.00; however, if that was the intention of the parties, on the basis of the testimony presented, it would appear that the plaintiff has a genuine liability with regard to that debt. The same having been reduced to writing and evidenced by a promissory note.
The Motion to Open and Modify was dated June 7, 2000. The plaintiff's subsequent motion for sanctions refers in the paragraphs to an awareness as to the true state of affairs being made known on July 24, 2000 indicating that the defendant was apparently seeking relief because of CT Page 12517 the now in place child support order primarily and any impact or effect that the contemplated wage increases might have as effecting the positions of the parties. Therefore, it does not appear that the plaintiff's position was substantially prejudiced or that there was any spiteful intent to rely on the words contained in the June 7 motion referring to substantial inheritance.
Admittedly the defendant's situation has worsened as a result of the support order for an out-of-wedlock child in the amount of $135.00. However, that is, at least insofar as his financial affidavit is concerned, balanced somewhat by the fact that $75.00 of the FIT deduction is of a voluntary nature.
The defendant has apparently complied with all of the prior orders of the court and has conscientiously paid the support order to the present time. There is no claim of any arrearage due.
The Motion for Modification of the Alimony Order is denied.
The motion of the plaintiff that sanctions be imposed against the defendant in the amount of $484.27 is denied.
Austin, J.